UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 2 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| DAMEION A. TUNSTALL, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 08 1504 |
| KUMA DEBOO, | ) |
| Respondent. | ) |

**TRANSFER ORDER**

Petitioner, a District of Columbia Code offender, alleges that his sentence expired in February 2007. Pet. at 6. Although he has not been convicted of another criminal offense since that imposed by the Superior Court of the District of Columbia in 1996, he states that he has violated the conditions of his parole release on four occasions. *Id.* As a result, he alleges that his "new full term expiration is now 2013." *Id.* Petitioner alleges that this extension of his term of incarceration violates the Due Process Clause of the United States Constitution. *Id.* He demands release from custody. *Id.*

A challenges of this nature sounds in habeas, and habeas actions are subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). The proper respondent in a habeas corpus action is the petitioner's warden. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). Thus, "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. United States Parole Comm'n*, 374 F.3d

1



1235, 1239 (D.C. Cir. 2004). Therefore, the Court will transfer this matter to the district in which petitioner currently is incarcerated. Resolution of petitioner's application to proceed *in forma pauperis* is left to the transferee court to decide.

Accordingly, it is hereby

ORDERED that this action is TRANSFERRED to the United States District Court for the Northern District of West Virginia.

SO ORDERED.

DATE: 8/13/08

_____
United States District Judge